### SMITH *v.* MOLLESON.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

PLEADING—BILL OF PARTICULARS.

In an action upon a bond given to secure the performance of a contract, the defendant is entitled, under Code Civil Proc. § 531, to a bill of particulars, showing wherein there has been a failure to perform the contract.

Appeal from special term, New York county.

Action by James B. Smith against Phebe C. Molleson to recover upon a bond given to secure the performance of a contract. From an order denying the motion for a bill of particulars defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Whitlock & Simonds*, (*William C. Beecher*, of counsel,) for appellant. *Miller & Miller*, (*Jacob F. Miller*, of counsel,) for respondent.

PER CURIAM. Section 531 of the Code provides that the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party. No question can therefore arise as to the power of the court to order a bill of particulars. This brings us to the consideration of the question as to whether or not, on the facts presented upon the motion, it

should have been granted. The action is brought to recover upon a bond given by the defendant to the plaintiff for the purpose of guarantying the faithful performance of certain work by the firm of Pratt & Molleson, more particularly described in the complaint. The condition of the bond as therein set out is that, if the said Pratt & Molleson should fully perform their said contract according to the terms thereof, or if the said bounden Phebe G. Molleson and the White & Gates Granite Company, or either of them, should well and truly pay, or cause to be paid, on demand, such sum or sums of money, not exceeding $6,000, as he, the said James B. Smith, should suffer by the reason of any failure by the said Pratt & Molleson to perform said contract on their part according to the terms thereof, then the said bond should become null and void, else to remain in full force and virtue. It will thus be seen that the bond sued upon is one of indemnity only, and was given for the purpose of saving harmless the plaintiff from any loss that might result by reason of the failure of the firm of Pratt & Molleson to fully perform their contract. Until the plaintiff proves that he has been injured by reason of the failure of Pratt & Molleson to perform their contract, he is not entitled to recover. As these facts which are essential to the plaintiff's cause of action must be proven, and as it is essential to enable defendant to fairly present his case on the trial that he should be apprised of the particulars in which Pratt & Molleson did not perform the contract, and of the damage caused plaintiff by the failure to so perform, we are of the opinion, therefore, that the motion for a bill of particulars should have been granted. The order should be reversed, with $10 costs and disbursements to abide the event, and the motion granted, with $10 costs to abide the event.